**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   ARMANDO MARTINEZ,                No. C-10-5551 TEH (PR)

12            Petitioner,            ORDER GRANTING RESPONDENT'S
                                     MOTION TO DISMISS; DENYING
13            v.                     CERTIFICATE OF APPEALABILITY

14   RANDY GROUNDS, Warden,          (Doc. #4)

15            Respondent.

16   _____/

17

18        Petitioner filed a pro se petition for writ of habeas

19   corpus pursuant to 28 U.S.C. § 2254 in which he claimed that a

20   decision by the Board of Parole Hearings ("BPH") finding him not

21   suitable for parole violated his right to due process because it was

22   not supported by sufficient evidence.  Doc. #1.  Petitioner also

23   claimed the decision denying him parole for three years under

24   "Marsy's Law," which modified the availability and frequency of

25   parole hearings, amounted to an ex post facto violation of the

26   United States Constitution.  Id.  In lieu of an Answer, Respondent

27   filed a Motion to Dismiss for failure to state a cognizable federal

28   claim.  Doc. #4.  Petitioner filed an opposition and Respondent

filed a reply.  Doc. ## 5 & 6.

Earlier this term, the United States Supreme Court made clear that in the context of a federal habeas challenge to the denial of parole, a prisoner subject to a parole statute similar to California's receives adequate process when BPH allows the prisoner an opportunity to be heard and provides him with a statement of the reasons why parole was denied.  <u>Swarthout v. Cooke</u>, 131 S.Ct. 859, 862-63 (2011) (per curiam).  Here, the record shows Petitioner received at least this amount of process.  The Constitution does not require more.  <u>Swarthout</u>, 131 S.Ct at 862.

The Court also made clear that whether BPH's decision was supported by some evidence of current dangerousness is irrelevant in federal habeas: "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." <u>Swarthout</u>, 131 S.Ct at 863.  In light of the Supreme Court's determination that due process does not require that there be any amount of evidence to support the parole denial, the petition fails to state a cognizable federal claim for relief.

Further, Petitioner's claim that BPH's decision denying him parole for three years under "Marsy's Law" (Proposition 9) amounts to an ex post facto violation of the United States Constitution also fails to state a cognizable federal claim in light of the Ninth Circuit's amended decision in <u>Gilman v. Schwarzenegger</u>, No. 10-15471, slip op. 1339, 1357 (9th Cir. Jan. 24, 2011), which explicitly rejected an ex post facto challenge to Proposition 9.

For the foregoing reasons, Respondent' Motion to Dismiss

**United States District Court**
For the Northern District of California

2

the Petition for failure to state a cognizable federal claim (Doc. #4) is GRANTED. Further, a certificate of appealability is DENIED. See Rule 11(a) of the Rules Governing Section 2254 Cases. Petitioner has not demonstrated that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may not appeal the denial of a certificate of appealability in this Court but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure. See Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk shall terminate any pending motions as moot, enter judgment in favor of Respondent and close the file.

IT IS SO ORDERED.

DATED     04/12/2011

_____
THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.10\Martinez-10-5551-deny bph-post-cooke.wpd

3